# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ 07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

## LETTER ORDER

June 24, 2005

Jonathan M. Peck, Esq.
Latham & Watkins
One Newark Center, 16th Floor
Newark, New Jersey 07101-3174

  Re: <u>Castilla v. Valdez,</u>
     <u>Civil Action No. 04-2353 (WJM)</u>

Dear Counsel:

  This matter comes before the Court on Petitioner's *ex parte* Petition for Warrant in Lieu of Habeas Corpus. Petitioner, Juana Galan Castilla, seeks a warrant to seize her child, Rodrigo Garcia, who was allegedly abducted by his father, Respondent Juan Noe Garcia Valdez, and to transfer custody to Petitioner or Petitioner's agent *pendente lite*. Essentially, the basis for the petition is that the father poses a flight risk and may abscond with his child if Petitioner were to follow the normal course of proceeding under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601, *et seq*., by serving the father with a Summons and Petition for Return of Child to Mexico. Petitioner seeks immediate relief because the child allegedly currently attends school in Staten Island, New York. That school lets out on June 28, 2005 for Summer break, and Petitioner is fearful that thereafter it may be impossible to locate the father and child. For the foregoing reasons, Petitioner's *ex parte* Petition is denied.

  The procedural history of this case is relevant to the issue before the Court. The Petition for Return of Child pursuant to the Hague Convention and ICARA was filed with this Court in May 2004 based on the belief that the child and Respondent resided in New Jersey.[1] Petitioner

---

[1] 42 U.S.C. § 11603(b) provides that a person may initiate proceedings under the Hague Convention for the return of a child "in any court which has jurisdiction of such action and which is authorized to exercise its jurisdiction *in the place where the child is located at the time the*

believed that the child resided in New Jersey based on information that was provided by the National Center for Missing & Exploited Children (the "NCMEC"). Petitioner however had problems locating the Respondent to effectuate service. In early July 2004, the Petitioner provided the NCMEC with a New York telephone number which the Respondent's family used to contact the Respondent and child. The NCMEC learned that the telephone number corresponded to an address in Staten Island, New York. At the same time, Petitioner also informed the NCMEC that Interpol Mexico had issued a warrant for the Respondent's arrest. In mid-July, an investigator working for the NCMEC believed he spotted the child at the Staten Island address. However, he could not confirm that the child was Rodrigo Garcia, nor did he see the Respondent at that address.

On September 16, 2004, Petitioner, knowing all of the above information, sought a ninety day extension of time to serve Respondent with the Summons and Petition for Return. Petitioner sought the extension so that a private investigator could be retained to confirm the location of the Respondent and child. Once their location was confirmed, it was Petitioner's expressed intent to then serve the Respondent with the Summons and Petition for Return. On September 23, 2004, the Court denied Petitioner's request for an extension, choosing to administratively terminate the matter until the Petitioner notified the Court that Respondent had been located, at which time Petitioner could seek to reopen the matter and proceed in normal course.

Counsel for Petitioner then hired a private investigator to confirm the location of the child. At some point after September 2004, the investigator learned that the child attended Public School 44 in Staten Island.[2] The investigator however was unable to confirm a residence for either Respondent or the child. On June 10, 2005, this matter was reopened upon Petitioner's request. On June 17, 2005, Petitioner filed her *ex parte* Petition for Warrant.

ICARA authorizes a court to grant provisional remedies "under Federal or State law, as appropriate, to protect the well-being of the child involved or to prevent the child's further removal or concealment before the final disposition of the petition." 42 U.S.C. § 11604(a). However, a court may not "order a child removed from a person having physical control of the child unless the applicable requirements of State law are satisfied." 42 U.S.C. § 11604(b). Under both New York and New Jersey State law, a parent may seek a warrant to take physical custody of a child if there is an imminent risk that the child will be removed from the State. N.Y. Dom. Rel. Law § 77-j; N.J.S.A. 2A:34-85.

On the record before this Court, this Court believes that a warrant to seize the child and to transfer custody of the child while this proceeding continues is unwarranted. Contrary to Petitioner's assertion, there is no evidence before this Court that could lead it to reasonably

---

*petition is filed*." (emphasis added).

[2] It is unclear from the record when exactly the private investigator discovered the child attended a school in Staten Island.

conclude that Respondent is a flight risk. If indeed he was, it begs the question why Petitioner never sought such a warrant in the first place. Rather, from May 2004, Petitioner has sought to proceed in the normal course by serving the Summons and Petition for Return on Respondent. Even in September 2004, when Petitioner knew everything she knows now except for the school the child attends, Petitioner sought to proceed in the normal course. There simply is no evidence of a dramatic change in circumstances that suddenly warrants classifying the father as a flight risk. Petitioner alleges that the father "has access to a network of locations and resources on which he can and has relied in his efforts to hide himself and the Child to elude detection by the proper authorities." (Petition for Warrant ¶ 21). However, there is nothing in the record to support this bald allegation. Petitioner fails to elaborate on what network or resources Respondent allegedly has at his disposal, how he has used them in the past, and when this alleged information became known by Petitioner.

Moreover, the Court is of the mindset that a Petition for Warrant to seize the child and to transfer custody is an extreme remedy that should only be granted in the most extreme circumstances. That is so because of the pernicious and long-lasting effects it may have on the child. The trauma a child may suffer from being taken from one parent to be placed with the other, or the as-yet unidentified "agent" of the other parent, is incalculable and cannot be ignored. Thus, the Court must balance the very real possibility that the child may be traumatized against the likelihood that the parent currently having physical custody poses a flight risk. Here, the evidence presented concerning the likelihood that the Respondent will take flight is wanting. Consequently, in light of the above, Petitioner's Petition for Warrant is denied.

SO ORDERED.

s/ William J. Martini
William J. Martini, U.S.D.J.